**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

May 19, 2015

State Auto Insurance Company
P O Box 182822
Columbus, OH  43218
NAIC # 2919

Certified Mail
Return Receipt Requested
7012 3460 0002 8949 2261
Cashier # 19930

Re:   Riar'S Inc. And Sammie Riar D/B/A/ Riar'S   V.   State Auto Insurance Company

Docket # Ct-000680-15

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 30, 2015, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

684060 OFFICE SERVICES

MAY 26 2015

CHQ-P-3

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

◉ Lawsuit
○ Divorce

Docket No.  CT-000680-15

Ad Damnum $ 86,679.00

**Plaintiff(s)**
Riar's, Inc. and Sammie Riar,
d/b/a Riar's Catering

VS

**Defendant(s)**
State Automobile Insurance Company, d/b/a
State Auto Insurance Companies

TO: (Name and Address of Defendant (One defendant per summons))

State Automobile Insurance Company, d/b/a State Auto Insurance Companies

Service through Commissioner of Insurance:
Julie Mix McPeak
Department of Commerce & Insurance
500 James Robertson Parkway
Davy Crockett Tower
Nashville, Tennessee 37243-0565

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
☑ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on LARRY A. WEISSMAN   Plaintiff's attorney, whose address is 5118 PARK AVE., STE 600, MEMPHIS, TN 38117 , telephone  +1 (901) 763-2134 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED _____  By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** RIARS INC VS STATE AUTOMOBILE INS CO

**Case Number:** CT-000680-15

**Type:** SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 04/20/2015 11:34:46 AM

ELECTRONICALLY FILED
2015 Feb 16 PM 3:14
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICAL DISTRICT AT MEMPHIS

Riar's, Inc. and Sammie Riar,
d/b/a Riar's Catering Company, Inc.

  Plaintiff,

vs.             No. CT-0001080-15

State Automobile Insurance Company, d/b/a
State Auto Insurance Companies

                *Jury Demanded*

  Defendant.

## COMPLAINT FOR DAMAGES

**COMES NOW**, Riar's, Inc. and Sammie Riar and in support of their complaint, would show unto the Court as follows:

1. Plaintiff, Sammie Riar is a resident of Memphis, Shelby County, Tennessee.

2. Plaintiff Riar's, Inc. is a corporation organized and existing under the laws of the State of Tennessee. This corporation is wholly owned by the plaintiff, Sammie Riar and together they have been doing business as Riar's Catering, Inc. The reference to the plaintiffs or plaintiff herein refers to the above named parties.

3. The Defendant, State Automobile Insurance Company, herein referred to as "State Auto", is a foreign corporation organized under the laws of the State of Ohio and is authorized to engage in the insurance business in Tennessee and is subject to service of process through the Commissioner of Insurance for the State of Tennessee. On information and belief, the defendant is also doing business as State Auto Insurance Companies.

4. The Plaintiff is at all times mentioned, the owner of what is commonly known as 661 Monroe in Memphis, Shelby County, Tennessee 38104. The improvements on the property consist of one commercial structure herein referred to as the "building".

5. At all times pertinent hereto the plaintiff maintained a general casualty and property damage insurance policy issued by the defendant insuring the building. The policy number is CP 10 30 (04/02).

6. The full amount of the premium specified in the policy was paid by plaintiff.

7. On or about December 19, 2012, at a time when the policy was in full force and effect, plaintiff sustained a loss as a result of a storm. This loss was in the amount of approximately $28,893.00.

8. Following the loss and damage, plaintiffs gave defendant notice of the loss and damage by reporting it to State Auto. The claim was assigned claim number SPP2484712.

9. Plaintiffs have performed all the conditions imposed on herby the terms and provisions of the policy of insurance, as well as any and all requirements in connection with the loss and damage made on her by the defendants.

10. On or about February 16, 2014, the defendant denied liability for the loss based on the assertion that the loss was not due to ordinary wear and tear and deterioration for which there is no coverage.

11. The plaintiffs dispute the denial of the claim for the reasons that the loss occurred from a storm. The plaintiffs have attempted to demonstrate this to the defendant without success. The plaintiff retained an engineer to evaluate the nature of the loss who opined

that the damage was from a storm.

12. Since December 19, 2012, the defendant has failed and refused to pay plaintiffs' claim under the subject policy or any part of the claim.

13. The refusal of State Auto to pay the claim is in bad faith and plaintiffs are entitled to recover from State Auto, in addition to the loss, an amount equivalent to three times the amount of the loss as a result of the wrongful denial of the claim. In addition, the plaintiff is entitled to recover her attorney's fees for the prosecution of this case as permitted by TCA 47-18-109.

**WHEREFORE**, plaintiffs request judgment against defendants for:

1. Damages in the amount of $28,893.00;

2. Treble damages for the refusal to pay the claim in good faith in the amount of $86,679;

3. Legal interest on such damages awarded from the date of judgment until paid;

4. Reasonable attorney's fees as determined by the Court upon the hearing of this cause;

5. Costs of suit; and

6. Such other and further relief as the court deems just and proper.

*JURY DEMANDED*

RESPECTFULLY SUBMITTED

*[signature]*

---

Larry A. Weissman  (8527)
5118 Park Avenue, Suite 600
Memphis, TN 38117
(901) 763-2134
larry@memphislawfirm.net

CERTIFIED MAIL

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243



7012 3460 0002 8949 2261

FIRST CLASS



0 2 1M
0004292626
$ 06.69⁰
MAY 20 2015
MAILED FROM ZIP CODE 37243

E. Hanson

7012 3460 0002 8949 2261        5/19/15
STATE AUTO INSURANCE COMPANY
P O BOX 182822
COLUMBUS, OH  43218

084069 OFFICE SERVICES

MAY 26 2015

CHQ-P-3

## State Auto Columb[us]

TO: _Office Services (AAA0001
Office: CHQ
Dept.: _Office Services
Building Location:

Carrier: USPS-Certified
PO#:
Order#:
Sender: State Of TN Dept. of Commerce & Ins.

5/26/2015 8:52:19 AM




7012346000028949226I

12